UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFERY SCOTT L'HEUREUX, <br><br>                    Plaintiff, <br>    v. <br><br> VICKI SHUMAKER, <br><br>                    Defendant. | Case No. C09-1812-RAJ-BAT <br><br> REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Jeffrey L'Heureux brings this civil rights action under 42 U.S.C. § 1983 to allege violations of his constitutional rights during the course of his incarceration at the King County Correctional Facility ("KCCF") in 2009. Plaintiff identifies Vicki Shumaker as the lone defendant in this action. Defendant Shumaker now moves for summary judgment. Plaintiff has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), but has filed no response to defendant's motion. The Court, having reviewed defendant's motion, and the balance of the record, concludes that defendant's motion for summary judgment should be granted and that plaintiff's complaint, and this action, should be dismissed with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

DISCUSSION

Plaintiff alleges in his complaint that defendant Shumaker violated his rights under the Eighth Amendment when she denied him anti-psychotic medications prescribed by an outside agency. Plaintiff further alleges that the denial of proper anti-psychotic medications violated his rights under the Fourteenth Amendment because the lack of those medications caused him to experience more psychotic episodes which, in turn, interfered with his ability to understand the nature of the charges against and to assist in his own defense. Finally, plaintiff alleges that defendant Shumaker denied him meaningful access to the courts through her policy of limiting access to legal materials.

Defendant argues in her motion for summary judgment that she did not participate in any of the acts of which plaintiff complains and that plaintiff's complaint should therefore be dismissed. Defendant further argues that plaintiff's access to courts claim should be dismissed because he failed to exhaust his administrative remedies with respect to that claim.

Summary Judgment Standard

Summary judgment is proper only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986). Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Id*. Material facts are those which might affect the outcome of the suit under governing law. *Id*.

REPORT AND RECOMMENDATION
PAGE - 2

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on a motion for summary judgment, the court is required to draw all inferences in a light most favorable to the nonmoving party. *Id*. at 248. The court may not weigh the evidence or make credibility determinations. *Id*.

### Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### Denial of Medication

Plaintiff alleges that from April 15, 2009 to August 10, 2009, and again from August 27, 2009 to December 20, 2009, defendant Shumaker denied him anti-psychotic medications which were prescribed by Sound Mental Health and replaced them with less effective medications.

(*See* Dkt. No. 6 at 2.) Plaintiff contends that the denial of the proper medications for his mental health issues denied him his rights under the Eighth and Fourteenth Amendments.

Defendant Shumaker has submitted in support of her motion for summary judgment a declaration in which she states that she is a corrections program supervisor employed by the King County Department of Adult and Juvenile Detention at KCCF, and that she has never worked for Jail Health Services, the entity responsible for providing medical treatment to inmates at KCCF.[1] (Dkt. No. 18 at 1-2.) Defendant Shumaker further states that she has no role in the provision of medical or psychiatric care to inmates at the KCCF, that plaintiff has never requested any medical services from her, and that she has never received a complaint from plaintiff regarding medical services. (*Id*. at 2.)

Plaintiff has produced no evidence demonstrating that defendant Shumaker was in any way responsible for his medical care or for the denial of medications which he believed were necessary for proper treatment of his mental health issues. Plaintiff therefore fails to demonstrate that defendant Shumaker caused the constitutional deprivations complained of. Thus, defendant Shumaker is entitled to summary judgment with respect to plaintiff's claims arising out of the alleged denial of his anti-psychotic medication.

Access to Courts

Plaintiff also asserts that defendant Shumaker denied him his right of meaningful access to the Courts. Defendant argues that plaintiff failed to exhaust his administrative remedies with respect to this claim.

---

[1] Jail Health Services is a part of the Seattle-King County Department of Public Health which is a separate agency from the King County Department of Adult and Juvenile Detention. *See* King County Code 2.16.080.F.5 and 2.16.120.

REPORT AND RECOMMENDATION
PAGE - 4

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95. A prisoner who submits a complaint containing both exhausted and unexhausted claims may proceed only with respect to the exhausted claims, and any unexhausted claims must be dismissed. *See Jones v. Bock*, 549 U.S. 199, 219-223 (2007).

The KCCF has a grievance procedure through which inmates may seek review of various aspects of their imprisonment. (*See* Dkt. No. 15, Ex. B) The KCCF process involves first attempting to resolve complaints with the staff member who is immediately involved in the issue. (*Id*., Ex. B at 2.) If this informal attempt at resolution is unsuccessful, an inmate who wishes to pursue a grievance must complete a grievance form and send it to designated staff. (*See id*.) These written grievances are reviewed and responded to by a supervisor. (*Id*.) If an inmate does not agree with the manner in which the grievance was resolved by the supervisor, the inmate may appeal. (Dkt. No. 15, Ex. B at 2.)

Plaintiff, in conjunction with his complaint, submitted a copy of a letter he received from the King County Law Library in response to a request he sent to them apparently requesting that

REPORT AND RECOMMENDATION
PAGE - 5

he be provided with certain documents.  (*See* Dkt. No. 6, Ex. 3.)  In that letter, dated December 7, 2009, plaintiff was advised that the library was not able to provide services to inmates and that further requests regarding legal resources should be directed to Vicki Shumaker.  Plaintiff makes no showing that he pursued his complaints regarding legal access through the KCCF grievance process and, in fact, the grievance entry coordinator at KCCF has submitted a declaration in support of defendant's summary judgment motion in which she states that since August 27, 2009, the last time plaintiff was booked into KCCF, plaintiff has not submitted any non-medical grievances.  Plaintiff does not dispute this assertion.  It thus appears that plaintiff failed to properly exhaust his claim regarding legal access and this claim should therefore be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that defendant Shumaker's motion for summary judgment be granted and that plaintiff's complaint, and this action, be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 11th day of August, 2010.

s/ BRIAN A. TSUCHIDA
United States Magistrate Judge
